IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEVEN SEAS MARINE SERVICES WLL and SEVEN SEAS QATAR WLL, § § § Plaintiffs, § § v. § § REMOTE INTERNATIONAL § LOGISTICS, LLC d/b/a REMOTE § LOGISTICS INTERNATIONAL, § § Defendant. § | CIVIL ACTION NO. H-17-1977 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Seven Seas Marine Services WLL and Seven Seas Qatar WLL ("Plaintiffs"), brought suit against defendant Remote International Logistics, LLC d/b/a Remote Logistics International ("Defendant" or "Remote Logistics Texas") for breach of contract.[1] Pending before the court are Defendant Remote International Logistics, LLC's Motion to Dismiss Plaintiffs' Original Complaint Under Rule 12(b)(7) and Brief in Support ("Motion to Dismiss") (Docket Entry No. 21); Plaintiffs, Seven Seas Marine Services WLL's and Seven Seas Qatar WLL's Response to Defendant Remote International Logistics, LLC's Motion to Dismiss Plaintiffs' Original Complaint Under Rule 12(b)(7) and Brief in Support ("Plaintiffs' Response") (Docket Entry No. 24); and Defendant

---

[1] See Plaintiffs' Original Complaint, Docket Entry No. 1, p. 4 ¶ 17.

Remote International Logistics, LLC's Reply Brief in Support of the Motion to Dismiss Pursuant to Rule 12(b)(7) ("Defendant's Reply") (Docket Entry No. 25). For the reasons stated below, Defendant's Motion to Dismiss will be granted, and this action will be dismissed without prejudice.

I. **Factual and Procedural Background**

Remote Logistics Texas is a Texas limited liability company based in Houston, Texas, that operates under the name Remote Logistics International, LLC.[2] Jenny Savage is the Director, President, Secretary, and Treasurer for Remote Logistics Texas.[3] Jenny Savage also owns Remote Logistics, W.L.L., a "with limited liability" company formed in Qatar ("Remote Logistics Qatar").[4] Remote Logistics Qatar provides food, beverage, and housekeeping services to vessels and housing quarters in Qatar and Bahrain.[5]

Plaintiffs sell provisions to vessels for consumption by the vessels' crews.[6] They allege that they entered into two agreements

---

[2]Declaration of Jenny Savage ("Savage Declaration"), Appendix 1 to Defendant's Motion to Dismiss, Docket Entry No. 21-1, p. 4 ¶ 3.

[3]Id. ¶ 2.

[4]Id. at 4-5; Commercial Registration Certificate, Appendix 1, Exhibit A to Defendant's Motion to Dismiss, Docket Entry No. 21-1, p. 9.

[5]Savage Declaration, Appendix 1 to Defendant's Motion to Dismiss, Docket Entry No. 21-1, p. 5 ¶ 7.

[6]Plaintiffs' Original Complaint, Docket Entry No. 1, p. 2 ¶ 6.

with Remote Logistics Texas pursuant to which Plaintiffs agreed to "furnish[] certain services, materials, and/or equipment at the special instance and request of Remote Logistics."[7] Plaintiffs allege that they fully performed their obligations under the agreements, but that Defendant breached the agreements by refusing to pay.[8] Plaintiffs claim they sent invoices to Defendant totaling $447,929.15 that Defendant ignored.[9] On November 17, 2016, Plaintiffs sent Remote Logistics Texas a letter demanding payment of the debt.[10] Plaintiffs allege that to date "Remote Logistics has failed and refused to pay the balance of the Indebtedness."[11] On June 28, 2017, Plaintiffs filed its Original Complaint in this court against Remote Logistics Texas for breach of contract.[12]

## II. Standard of Review

A court may dismiss an action for "failure to join a party under Rule 19" pursuant to Federal Rule of Civil Procedure

---

[7]Id. ¶ 7.

[8]Id. at 3-4 ¶¶ 12-15, 17.

[9]Id. at 2 ¶ 8; Invoice Summary Seven Seas Marine Services WLL/ Remote Logistics International, LLC (Bahrain) and Invoice Summary Seven Seas Qatar WLL/Remote Logistics International, LLC (Qatar) ("Plaintiffs' Invoice Summaries"), Exhibit A to Plaintiffs' Original Complaint, Docket Entry 1-1, pp. 3-7.

[10]See Demand Letter, Exhibit A to Plaintiffs' Original Complaint, Docket Entry No. 1-1, pp. 1-2.

[11]Plaintiffs' Original Complaint, Docket Entry No. 1, pp. 2-3 ¶¶ 8-10.

[12]Id. at 3 ¶ 12.

12(b)(7). A court must first determine if a party should be joined under Rule 19(a), which states:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>
>>>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>>>>
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If the court finds that an absent party is a necessary party, but that party "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). If litigation cannot be properly pursued without the absent party, that party is "indispensable" and the court must dismiss the litigation. <u>Hood ex rel. Mississippi v. City of Memphis, Tennessee</u>, 570 F.3d 625, 629 (5th Cir. 2009). If the party is not indispensable, the case may continue without joinder. While the party advocating joinder has the initial burden of

demonstrating that a missing party is necessary, after "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." Id. at 628 (quoting Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 2006)).

## III. Analysis

### A. Necessary Party

Defendant argues that it is a corporate entity separate and distinct from Remote Logistics Qatar.[13] Defendant states that "Remote Logistics Texas did not request any goods or services from Plaintiffs and never entered into any agreements for those goods or services with Plaintiffs."[14] Rather, "Remote Logistics Qatar is the entity that requested Plaintiffs provide it with goods, services or products" and is therefore a necessary party.[15] In support, Defendant provides a sworn declaration of Jenny Savage,[16] the Commercial Registration Certificate of Remote Logistics Qatar,[17] and invoices Plaintiffs sent to Remote Logistics Qatar's office in the

---

[13]Defendant's Motion to Dismiss, Docket Entry No. 21, pp. 8-9.

[14]Id. at 6.

[15]Id. at 7.

[16]See Savage Declaration, Appendix 1 to Defendant's Motion to Dismiss, Docket Entry No. 21-1, pp. 4-7.

[17]See Commercial Registration Certificate, Appendix 1, Exhibit A to Defendant's Motion to Dismiss, Docket Entry No. 21-1, pp. 9-10.

Kingdom of Saudi Arabia that were stamped upon receipt with a stamp bearing the name "Remote Logistics, Co. W.L.L.," and returned to Plaintiffs.[18]

Plaintiffs responded that they believed that Remote Logistics International was a single company and that they were unaware of a distinction between the Qatar and Texas entities.[19] Plaintiffs argue that the entities are not separate and distinct because they share common ownership and appear to operate as a single company.[20] Plaintiffs cite Remote Logistics International's LinkedIn profile to show that the company operates as one entity.[21] Plaintiffs claim that Remote Logistics Texas "clearly accepted the terms of the contract and indicated its consent to be bound by the contractual promises."[22] To support this contention, Plaintiffs assert that Defendant had a bank account with Wallis State Bank, a Texas financial institution, and "[o]n at least one prior occasion, on or about August 20, 2016, Plaintiffs received a payment from Defendant for the goods provided to Defendant . . . in the form of a wire transfer from Defendant's Wallis State Bank account,"[23] and that

---

[18]See Stamped Invoices, Exhibit A-1 to Defendant's Reply, Docket Entry No. 25-1, pp. 5-7.

[19]Plaintiffs' Response, Docket Entry No. 24, p. 4.

[20]Id. at 5.

[21]Id.

[22]Id. at 4.

[23]Id.

this payment "indicates [Remote Logistics] Texas' consent to be bound by the contract with Plaintiffs, regardless of whether it was a party to the original agreement or not."[24] Plaintiffs do not provide evidence of a contract, wire transfer, or bank account, but cite Plaintiffs' Motion to File Application for Prejudgment Writ of Garnishment Under Seal (Docket Entry No. 4).[25]

"[P]arties to a contract are generally considered necessary to litigation concerning that contract," Jaffer v. Standard Chartered Bank, 301 F.R.D. 256, 261 (N.D. Tex. 2014), unless an absent party's interest can adequately be protected by the existing parties. Brown v. Reed Elsevier, Inc., Civil Action No. 08-81574, 2009 WL 3064751, at *3 (S.D. Fla. Sept. 22, 2009). Although two corporate entities may be related, one may not be able to adequately protect the interests of the other. For example, where a subsidiary company is the primary participant in a conversion action against a corporation, the subsidiary must be joined if feasible. Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 559 (5th Cir. 1985). But where only one of the remedies sought would involve a subsidiary's assets, all other remedies affect only the defendant parent corporation, and the court can adequately protect the plaintiff's rights in another manner, joinder of the subsidiary

---

[24] Id.

[25] Id. Plaintiffs dismissed the garnishment on August 2, 2017. See Garnishors' Notice of Dismissal, Docket Entry No. 9, pp. 1-4.

is not necessary. <u>Gertner v. Hospital Affiliates International, Inc.</u>, 602 F.2d 685, 688 (5th Cir. 1979).

Remote Logistics Texas does not own Remote Logistics Qatar. Remote Logistics Qatar is not registered to do business in the United States, does not provide services in the United States, and did not enter agreements with Plaintiffs.[26] "Remote Logistics Qatar originally had offices in Qatar, which were later moved to the Kingdom of Saudi Arabia."[27] The invoices provided by Defendant reflect that Plaintiffs sent them to an address in Saudi Arabia and they were received by "Remote Logistics Co. W.L.L."[28] The invoice summaries attached to Plaintiffs' Original Complaint identify the indebted parties as "Remote Logistics International, LLC (Bahrain)" and "Remote Logistics International, LLC (Qatar)."[29]

Just as a corporation's subsidiary is a necessary party when an action involves conduct which was solely that of the subsidiary, Remote Logistics Qatar is a necessary party because it is the only party involved in the activities that gave rise to this cause of action. In the absence of Remote Logistics Qatar, the court would be unable to "accord complete relief among the existing parties"

---

[26] Motion to Dismiss, Docket Entry No. 21, p. 6.

[27] Savage Declaration, Appendix 1 to Motion to Dismiss, Docket Entry No. 21-1, p. 5 ¶ 8.

[28] See Stamped Invoices, Exhibit A-1 to Defendant's Reply, Docket Entry No. 25-1, pp. 5-7.

[29] Plaintiffs' Invoice Summaries, Exhibit A to Plaintiffs' Original Complaint, Docket Entry 1-1, pp. 3-7.

and would impede Remote Logistics Qatar's ability to protect its interest as the party in privity of contract with Plaintiffs. Fed. R. Civ. P. 19(a). Remote Logistics Qatar is therefore a party whose joinder is necessary if feasible under Rule 19(a).

B.  **Feasibility of Joinder**

Because Remote Logistics Qatar is a necessary party, the court must determine whether joining Remote Logistics Qatar is feasible. Remote Logistics Texas argues that Remote Logistics Qatar is not subject to personal jurisdiction in Texas. Lack of personal jurisdiction is one reason joinder may not be feasible. See Arthur W. Tifford, PA v. Tandem Energy Corp., 562 F.3d 599, 707 (5th Cir. 2009) ("[I]f an indispensable party cannot be joined (because there is no personal jurisdiction or because joinder would destroy diversity of citizenship), dismissal may be appropriate.").

A federal court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S. Ct. 68 (2010). Since the Texas long-arm statute extends as far as constitutional due process allows, the court considers only the second step of the inquiry. Id.

Due process is satisfied if the "nonresident defendant has 'certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" Gardemal v. Westin Hotel Co., 186 F.3d 588, 595 (5th Cir. 1999) (quoting International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 66 S. Ct. 154, 158 (1945)) (quoting Milliken v. Meyer, 61 S. Ct. 339, 343 (1940)). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.'" McFadin, 587 F.3d at 759. If a plaintiff satisfies the due process requirement, a presumption arises that jurisdiction is reasonable, and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2185 (1985).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001). A court may exercise specific jurisdiction when (1) the nonresident defendant has minimum contacts with the forum state, i.e. that "it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;" (2) the plaintiff's cause of action arises out of or results from the nonresident defendant's contacts with the forum state; and (3) the exercise of personal jurisdiction

is fair and reasonable. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (quoting Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002)). The focus is on "the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." Gundle Lining Construction Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 205 (5th Cir. 1996). General jurisdiction exists when a defendant's contacts with the forum state are "continuous, systematic, and substantial" although unrelated to the cause of action. Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291, 295 (5th Cir. 1999).

The agreements between Remote Logistics Qatar and Plaintiffs involve goods and services provided in the Middle East.[30] Plaintiffs offer no evidence or arguments for the court to conclude otherwise. Thus, the court does not have specific jurisdiction over Remote Logistics Qatar. Defendant has presented evidence that Remote Logistics Qatar is organized under the laws of Qatar, conducts business in the Middle East only, and does not have a presence in the United States or the State of Texas. Plaintiffs make no allegations and provide no evidence that Remote Logistics Qatar conducted any activities in Texas or otherwise has continuous and systematic contacts in the United States. Although the court

---

[30]See Savage Declaration, Appendix 1 to Defendant's Motion to Dismiss, Docket Entry No. 21-1, p. 5 ¶ 10.

may have jurisdiction over Remote Logistics Texas, "[a]s a general rule . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 346 (5th Cir. 2004) (citations omitted). The court therefore has no basis for general personal jurisdiction over Remote Logistics Qatar. Because the court does not have general or specific personal jurisdiction over Remote Logistics Qatar, joinder is not feasible.

C.  Indispensability of Remote Logistics Qatar

Having concluded that Remote Logistics Qatar is a necessary party whose joinder would deprive this court of jurisdiction, "the court must then determine whether [Remote Logistics Qatar] is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." Hood, F.3d at 629. Rule 19(b) provides factors for the court to consider in making this determination:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;

> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). When analyzing the factors the court should "seek[] to avoid manifest injustice while taking full cognizance of the practicalities involved." Pulitzer-Polster, 784 F.2d at 1312. Determining whether an entity is an indispensable party under Rule 19 is a highly-practical, fact-based endeavor. Hood, 570 F.3d at 628.

Plaintiffs argue that no party will suffer prejudice in rendering a judgment in Remote Logistics Qatar's absence because "[Remote Logistics] Texas and [Remote Logistics] Qatar's interests are completely aligned in the defense of this action."[31] The court disagrees. Remote Logistics Qatar would be prejudiced because it would be deprived of the ability to defend its conduct or protect its interests. See Timberlake v. Synthes Spine, Inc., Civil Action No. V-08-4, 2011 WL 2607044, at *5 (S.D. Tex. June 30, 2011). The evidence suggests that Remote Logistics Qatar may have defenses to the breach of contract claim that could not adequately be litigated in its absence.[32] Litigation of these defenses would likely involve

---

[31]Plaintiffs' Response, Docket Entry No. 24, p. 5.

[32]See Savage Declaration, Appendix 1 to Defendant's Motion to Dismiss, Docket Entry No. 21-1, pp. 5-6 ¶ 11 ("Not all the goods and products provided were satisfactory to Remote Logistics Qatar. Some of the goods and products provided fell below reasonably acceptable standards within the industry. Remote Logistics Qatar has previously informed Seven Seas of the deficiency in the goods and products.").

witnesses and evidence only available to Remote Logistics Qatar. Remote Logistics Texas would be prejudiced if ordered to pay a judgment based on the actions of a different corporate entity. The court is unable to avoid these prejudices with other forms of relief. Moreover, Plaintiffs are citizens of Qatar and Bahrain and have an adequate remedy because they could proceed against Remote Logistics Qatar in Qatar or Bahrain -- the countries in which Plaintiffs' products were supplied and used by Remote Logistics Qatar. Having carefully considered the factors under Rule 19(b), the court finds that Remote Logistics Qatar is an indispensable party, and that this action cannot, in equity and good conscience, proceed without it.

## IV. Conclusions and Order

For the reasons discussed above, Defendant Remote International Logistics, LLC's Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(7) (Docket Entry No. 21) is **GRANTED**, and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 31st day of January, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE